**IN THE UNITED STATES DISTRICT COURT
FOR THE FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BRANDYWINE COMMUNICATIONS
TECHNOLOGIES, LLC,

       Plaintiff,

v.

AT&T MOBILITY LLC,

       Defendant.

Case No. 6:12-cv-00273-CEH-DAB

JURY TRIAL DEMANDED

**AT&T MOBILITY LLC'S OPPOSITION TO PLAINTIFF BRANDYWINE
COMMUNICATIONS TECHNOLOGIES, LLC'S MOTION TO CONSOLIDATE**

**TABLE OF CONTENTS**

I.      **INTRODUCTION**.................................................................................................1

II.     **FACTUAL BACKGROUND** ...........................................................................2

       A.      Brandywine's Original Complaint Improperly Joined Unrelated
               Defendants. ........................................................................................2

       B.      Brandywine's Preliminary Infringement Contentions Neither Allege
               That All Defendants Acted in Concert Nor Identify a Single Product or
               Process Common to All Defendants ..................................................4

III.    **ARGUMENT AND CITATIONS TO AUTHORITY** ...........................5

       A.      The AIA Applies to This Case..........................................................6

       B.      The AIA Prohibits Consolidation of Brandywine's Suits for Trial. .................6

               1.      Brandywine Asserts No Right to Relief Arising Out of the
                      Same Transaction or Occurrence and Related to the Same
                      Accused Product or Process for All Defendants....................................6

               2.      Brandywine Fails to Identify Any Question of Fact Common to
                      All Defendants that Satisfies the AIA's Requirements.......................10

       C.      Even Absent the AIA's Prohibition, the Court Should Decline to
               Consolidate Brandywine's Suits for Trial........................................12

       D.      Coordinated Case Management Renders Consolidation for Pretrial
               Purposes Unnecessary......................................................................15

IV.    **CONCLUSION** ...........................................................................................16

## <u>TABLE OF AUTHORITIES</u>

<span style="font-variant: small-caps">Cases</span>

*Brandywine Commc'ns Techs., LLC. v. Apple Inc.*,
   6:11-CV-1512-ORL-36, 2012 WL 527057 (M.D. Fla. Jan. 24, 2012)........................... passim

*Brandywine Commc'ns Techs., LLC. v. Apple Inc.*,
   6:11-CV-1512-ORL-36, 2012 WL 527180 (M.D. Fla. Feb. 17, 2012) ..........................4, 6, 13

*Combined Sys., Inc. v. Defense Tech. Corp.*,
   230 F. Supp. 2d 544 (S.D.N.Y. 2002)....................................................................................12

*DMI, Inc. v. Deere & Co.*,
   755 F.2d 1570 (Fed. Cir. 1985)..............................................................................................12

*Dupont v. S. Pac. Co.*,
   366 F.2d 193 (5th Cir. 1966) ...............................................................................................5, 12

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)..............................................................................................12

*In re EMC Corp.*,
   677 F.3d 1351 (Fed. Cir. 2012)...................................................................................6, 13, 14

*In re Repetitive Stress Injury Litigation*,
   11 F.3d 368 (2d Cir. 1993).....................................................................................................15

*Montclair v. Ramsdell*,
   107 U.S. 147 (1883)................................................................................................................11

*Motorola Mobility, Inc. v. Apple Inc.*,
   1:12-CV-20271-RNS and 1:10-cv-23580-RNS, 2012 WL 3113932 (S.D. Fla. July
   31, 2012) ...............................................................................................................................9, 10

*Omega Patents, LLC v. Skypatrol, LLC*,
   1:11-CV-24201-KMM, 2012 WL 2339320 (S.D. Fla. June 19, 2012) ................................7, 8

*Whiteman v. Pitrie*,
   220 F.2d 914 (5th Cir. 1955) ...................................................................................................5

*WiAV Networks, LLC v. 3Com Corp.*,
   No. C 10–03448 WHA, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) ....................................14

**STATUTES**

35 U.S.C. § 299 ...............................................................................................................6, 8, 11

Pub.L. No. 112–29, 125 Stat. 284, 333 .........................................................................6

**OTHER AUTHORITIES**

4-21 Moore's Federal Practice - Civil § 21.03 ...............................................................6

8-41 Moore's Federal Practice - Civil § 41.50 ...............................................................6

157 Cong. Rec. H. 4420 ................................................................................................13

Fed. R. Civ. P. 3 .............................................................................................................6

Fed. R. Civ. P. 20 ..............................................................................................9, 10, 13

Fed. R. Civ. P. 21 ........................................................................................................2, 6

Fed. R. Civ. P. 42 ...........................................................................................5, 12, 14, 15

## I.      INTRODUCTION

Brandywine Communications Technologies, LLC's ("Brandywine") Motion to Consolidate (D.E. 28) ("Motion to Consolidate") essentially asks the Court to reconsider its decision to sever the defendants in Brandywine's original complaint.  Brandywine, however, fails to cure any of the deficiencies that led the Court to sever the initial action.  Brandywine fails to demonstrate any relationship common to all defendants and fails to identify any product, process, or other instrumentality that is the same for all defendants.  Absent such a relationship, consolidation is not proper.

The actions Brandywine wishes to consolidate commenced *after* enactment of the Leahy–Smith America Invents Act (the "AIA").  Under the AIA, a plaintiff must satisfy two criteria for a Court to allow consolidation for trial: (1) assert a right to relief against the parties arising out of the same transactions or occurrence relating to the same accused product or process; and (2) identify questions of fact common to all accused parties that will arise in the action—Brandywine fails to satisfy either.  Rather, Brandywine erroneously attempts to conflate its allegations of ***unrelated*** relationships between discreet sets of defendants involving ***different*** products.  Brandywine's alternative arguments relating to common issues of validity, claim construction, and industry standards, are equally unavailing as they each fail to establish that there is a common question of fact as to all Defendants. The products and services at issue across the multiple defendants are not the same, thus, precluding consolidation.

As with Brandywine's original action, nothing more than allegations of infringing the same patents ties all of the defendants together.  Congress has expressly prohibited the

1

consolidation that Brandywine now seeks.  Accordingly, the Court should deny

Brandywine's Motion to Consolidate.

## II.    FACTUAL BACKGROUND

Brandywine filed its initial complaint against 23 defendants on September 13, 2011,

alleging that the defendants infringe two U.S. patents.  *Brandywine Commc'ns Techs., LLC.*

*v. Apple Inc.*, 6:11-CV-1512-ORL-36, 2012 WL 527057, at *1 (M.D. Fla. Jan. 24, 2012).

The defendants in Brandywine's original suit represented an industry-wide swath of cellular

handset manufacturers and cellular service carriers.

### A.    Brandywine's Original Complaint Improperly Joined Unrelated Defendants.

Pursuant to Federal Rule of Civil Procedure 21, Magistrate Judge Baker, *sua sponte*,

issued a show cause order directing Brandywine to show that it had not misjoined the

defendants in violation of the federal rules.  *Id.*  In response, Brandywine argued that joinder

was proper "because many of the claims arise from the same transaction, occurrence, or

series of transactions or occurrences, and because questions of law and fact that are common

to all Defendants will arise in this case."  Motion to Consolidate Ex. C at 1 (D.E. 28).

Brandywine further argued that its amended complaint in that action "adds an allegation that

each Defendant jointly infringes the patents-in-suit by exercising control over another

Defendant.  For example, …AT&T is alleged to jointly infringe the patents with the phone

makers that use its network, such as Apple."  *Id.* at 3.  Brandywine attempted to illustrate its

joint infringement allegations in the diagram below:



*Id.* at 4.  Based on these allegations, Brandywine also argued that "judicial efficiency will not be served by severance."  *Id.* at 11.

Judge Baker, however, held that Brandywine's arguments and allegations failed to satisfy the requirements for joinder.  *Brandywine Commc'ns Techs., LLC. v. Apple Inc.*, 2012 WL 527057, at *1, *3.  Specifically, in his Report and Recommendation, Judge Baker noted that:  "Absent from [Brandywine's] Complaint are allegations that all Defendants were acting in concert with one another with respect to the actions complained of or that the claims of infringement of the Patents are interrelated."  *Id.* at *2.  Judge Baker further stated that although Brandywine "identifies *some* products that appear to be related to one or more Defendants, it fails to identify *any* product that is common to all Defendants.  Rather, it appears that the only commonality . . . is that [the Defendants] are all accused of violating the same Patents.  This, however, is not enough."  *Id.* (emphasis original).  Brandywine subsequently filed a Notice of Non-Opposition to the Magistrate Judge's Report and

Recommendation.  *Brandywine Commc'ns Techs., LLC. v. Apple Inc.*, 6:11-CV-1512-ORL-36, 2012 WL 527180, at *1 (M.D. Fla. Feb. 17, 2012).

On February 17, 2012, the Court adopted Magistrate Judge Baker's Report and Recommendation in full and ordered Brandywine to file new complaints against each individual defendant.  *Id.* at *2.  Additionally, the Court ordered the original action dismissed.  *Id.*  Brandywine did not enter an objection to the order.  Brandywine's arguments in its Motion to Consolidate fail to cure the deficiencies that led to the original action's severance and merely repeat positions already disapproved of by the Court.

### B. Brandywine's Preliminary Infringement Contentions Neither Allege That All Defendants Acted in Concert Nor Identify a Single Product or Process Common to All Defendants

Pursuant to the Court's Case Management and Scheduling Order, Brandywine served Preliminary Infringement Contentions (the "Contentions") on AT&T Mobility LLC ("ATTM").  According to Brandywine, its Contentions allege that "several of the asserted patent claims are infringed by a combination of equipment or features within *the* handset [i.e. a handset from a single manufacturer] and *the* carrier equipment [i.e. equipment from a single cellular service carrier]."  Motion to Consolidate at 4 (D.E. 28) (emphasis added). Brandywine further alleges that "[f]or each pair of carrier- and manufacturer-Defendants accused of joint infringement, equipment from *both parties* [i.e. only two of the defendants] is involved . . . ."  *Id.* at 6 (emphasis added).

Notably absent from Brandywine's Contentions and Motion to Consolidate, however, is any allegation that *all* the defendants are related or cooperated.  Brandywine does not allege that each carrier, such as ATTM, and all of the handset manufacturers jointly infringe

based on the same products or services.  Brandywine does not allege that any cellular service carrier jointly infringes with any other cellular service carrier or that any handset manufacturer jointly infringes with any other handset manufacturer.  Likewise, while Brandywine broadly accuses visual voicemail and multimedia messaging services of infringement, absent from its Contentions and Motion to Consolidate is any allegation that those services or the related hardware and software are the same for all defendants.

### III.    ARGUMENT AND CITATIONS TO AUTHORITY

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact."  "However, in resorting to the use of Rule 42(a) the trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case."  *Dupont v. S. Pac. Co*., 366 F.2d 193, 196 (5th Cir. 1966).  Moreover, whether or not to consolidate cases under Rule 42(a) is left to the discretion of the district court.  *Whiteman v. Pitrie*, 220 F.2d 914, 917-18 (5th Cir. 1955).

In patent cases, however, a district court's discretion to consolidate cases for trial is circumscribed by the AIA, which was enacted into law on September 16, 2011.  Under the AIA, accused infringers may have their actions consolidated for trial only if:

1. any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the *same* accused product or process; and

2. questions of fact common to *all* defendants or counterclaim defendants will arise in the action.

5

35 U.S.C. § 299(a) (emphasis added).  Additionally, under the AIA it is expressly insufficient grounds to consolidate for trial "based solely on allegations that [accused infringers] each have infringed the patent or patents in suit."  35 U.S.C. § 299(b).  The AIA's joinder provision applies "to any civil action commenced on or after the date of the enactment of th[e] Act."  Pub.L. No. 112–29, 125 Stat. 284, 333.

### A.     The AIA Applies to This Case.

As a threshold matter, the joinder provision of the AIA applies to this case.  Under the federal rules, a "civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  While Brandywine's original complaint against ATTM was filed three days before the AIA, that complaint was dismissed by the Court.  *Brandywine Commc'ns Techs., LLC. v. Apple Inc.*, 2012 WL 527180, at \*2.  Dismissal of a misjoined party pursuant to Rule 21 is without prejudice.  4-21 Moore's Federal Practice - Civil § 21.03.  Moreover, where a complaint is dismissed without prejudice, it is as if the suit had never been brought.  8-41 Moore's Federal Practice - Civil § 41.50.  Thus, this case commenced on February 21, 2012 when Brandywine filed a separate new complaint against ATTM—and therefore commenced after enactment of the AIA.[1]

### B.     The AIA Prohibits Consolidation of Brandywine's Suits for Trial.

#### 1.     Brandywine Asserts No Right to Relief Arising Out of the Same Transaction or Occurrence and Related to the Same Accused Product or Process for All Defendants.

Brandywine's allegations fail to satisfy the AIA's first requirement for consolidating suits for trial.  Brandywine argues that its Contentions "establish a web of overlapping

---

[1] As discussed *infra*, even if the Court were to apply the pre-AIA standard, Brandywine would still not meet the conditions for joinder.  *In re EMC Corp.*, 677 F.3d 1351 (Fed. Cir. 2012); *infra* pp. 12-14.

relationships of joint infringement between various Defendants" that "involve interrelated claims within the meaning of the statute." Motion to Consolidate at 6-7 (D.E. 28). This, however, falls short of the AIA's requirements and merely repeats arguments already considered and discounted by the Court. *Brandywine Commc'ns Techs., LLC. v. Apple Inc.*, 2012 WL 527057, at *3. Brandywine's argument conflates alleged unconnected relationships between multiple pairs of defendants, in other words multiple unrelated transactions or occurrences, with the AIA's requirement for a same transaction, occurrence, or series of transactions or occurrences common to all defendants. Indeed, the case Brandywine cites in support of its position, *Omega Patents, LLC v. Skypatrol, LLC*, shows the error of Brandywine's argument.

In *Omega Patents*, the first defendant manufactured a product that allegedly infringed the patents at issue and then provided that product to the second defendant, who "reconfigure[d], modifie[d], and rebrand[ed] the same product—using information and documentation provided by [the first defendant]—for distribution under its own name." *Omega Patents, LLC v. Skypatrol, LLC*, 1:11-CV-24201-KMM, 2012 WL 2339320, at *2 (S.D. Fla. June 19, 2012). Under those circumstances, the *Omega Patents* court held that consolidation of the two defendants was appropriate, in part because the alleged infringement "did not result by chance or coincidence but rather through an established relationship between Defendants." *Id.* at *2 n.3. Here, however, in direct contrast to *Omega Patents*, Brandywine does not allege that any such relationship exists among all the defendants.

Moreover, in that case, an additional third party manufactured accused products for the second defendant but not the first. *Id.* at *2. The *Omega Patents* court stated that

7

attempting to join that third party to the suit "would result in misjoinder because joinder of [the first defendant] and [the third-party manufacturer] would not satisfy the 'same occurrence' or 'transaction' requirement contained in 35 U.S.C. § 299." *Id..*  In other words, under the reasoning of the *Omega Patents* court—while there was a series of transactions or occurrences between the first and second defendants and a series of transactions or occurrences between the second defendant and the third-party manufacturer—those transactions or occurrences were not the *same* as required by the AIA.

Here, the relationship between the third-party manufacturer and the first defendant is directly akin to the relationship of all remaining defendants vis-à-vis any given pair of alleged joint infringers.  Brandywine's argument that because "Verizon cooperates with manufacturer-Defendants Apple, Casio, HTC, LG, Motorola, RIM, and Samsung in infringing the patents, Brandywine's claims against Verizon relate to the same transactions or occurrences and the same products or processes as its claims against each of these manufacturer-Defendants," is simply wrong.  Motion to Consolidate at 7 (D.E. 28).  Rather, to continue with Brandywine's example, any alleged joint infringement between Verizon and Apple is a different set of transactions or occurrences from any alleged joint infringement between Verizon and Casio, and both are different sets of transactions or occurrences from any alleged joint infringement between Verizon and HTC, and so on.  Thus, Brandywine's allegations fail to set forth any right to relief asserted against all the defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.

Moreover, another recent Florida case, *Motorola Mobility, Inc. v. Apple Inc.*, demonstrates the inadequacy of Brandywine's allegations in identifying any accused product or process common to all defendants.  As noted by the *Motorola Mobility* court:  "The AIA adds a requirement to the first prong of Rule 20 that the transaction or occurrence must relate to the making, using, or selling of *the same patented product or process*.  Accordingly, joinder [or consolidation] under the AIA is more stringent than joinder pursuant to Federal Rule 20."  *Motorola Mobility, Inc. v. Apple Inc.*, 1:12-CV-20271-RNS and 1:10-cv-23580-RNS, 2012 WL 3113932, at *2 (S.D. Fla. July 31, 2012) (internal citations omitted, emphasis added).

In *Motorola Mobility*, two cellular handset manufacturers were accused of infringing the patents-at-issue.  Notably, the accused handsets all used the Android operating system and the patentee alleged that its "infringement case includes claims against specific software . . . that is present in the same form on both [manufacturers'] accused devices." *Motorola Mobility, Inc.*, 2012 WL 3113932, at *4.  Despite those commonalities, that court nevertheless held that:

> [T]hese accused devices are not the same; [the two manufacturers] are competitors in the smartphone industry and produce different smartphones that run on at least somewhat modified Android software.  The mere use of the Android platform by these competitors, and the mere allegation that the same or similar patents were infringed, does not satisfy the joinder standards of the AIA.

*Id.*

In reaching that conclusion, the *Motorola Mobility* court relied on both the plain language and the legislative history of the AIA.  Specifically, the *Motorola Mobility* court noted that, in passing the AIA, Congress explicitly abrogated the minority construction of

9

Rule 20, which "allowed plaintiffs in patent actions to join multiple defendants on the sole

basis that they allegedly used the same patented invention in different products, in competing

products, or in products that were related in some technical aspect." *Id.*

Indeed, the plain language and legislative history of the AIA indicate that the "same

product or process" means just that, that the accused instrumentalities are identical—

something not true in this case. Moreover, no matter what courts conclude are the final

contours of the AIA's "same product or process" requirement, it will require significantly

more similarity than the disparate group of instrumentalities identified by Brandywine, which

do not even rise to the level of "sameness" as the products at issue in *Motorola Mobility*.

Unlike that case, where the accused instrumentalities shared a common operating system and

were alleged to have identical software, here Brandywine accuses *different* handsets, running

*different* operating systems, using *different* software, and interacting with *different* carrier

equipment. These are different products or processes and Brandywine does not even attempt

to identify a single product or process common to all defendants. Thus, Brandywine does not

identify any transaction, occurrence, or series of transactions or occurrences, related to the

same accused product or process that is common to all defendants. Accordingly,

Brandywine fails to satisfy the first prong of the AIA's consolidation requirement, which

alone is a sufficient ground to deny its Motion to Consolidate.

### 2. Brandywine Fails to Identify Any Question of Fact Common to All Defendants that Satisfies the AIA's Requirements.

In addition to the AIA's first prong, Brandywine also fails to satisfy the second prong

of the AIA's consolidation requirement by failing to identify an appropriate question of fact

common to all defendants.  Brandywine advances three arguments in support of its position, all of which are inadequate.

First, Brandywine argues that there are common questions of fact related to claim construction and validity.  However, the AIA's consolidation requirement only applies to patent cases, and patent cases will always involve questions of fact related to claim construction and validity.  Thus, if those questions were sufficient, the common question of fact prong would *always* be satisfied.  Such an interpretation would violate a fundamental tenent of statutory interpretation by rendering the second prong completely superfluous.  *E.g.*, *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883) ("It is the duty of the court to give effect, if possible, to every clause and word of a statute . . . .").  Accordingly, common questions related to claim construction and validity do not satisfy the AIA's requirements.

Additionally, Brandywine argues that, where a cellular service carrier cooperates with multiple cellular handset manufacturers (or vice versa) "the same questions regarding the nature of the handset devices, the contribution of the devices to the infringing systems and methods, and the relationships and dealings among the parties will arise for multiple Defendants."  Motion to Consolidate at 8 (D.E. 28).  This argument, however, suffers from the same flaw as Brandywine's arguments regarding the AIA's first prong, in that Brandywine attempts to conflate questions of fact regarding particular pairs of defendants with the AIA's requirement for a question of fact "common to *all* defendants."  35 U.S.C. § 299(a)(2) (emphasis added).

Brandywine's final argument is that "some of the patent claims are asserted against Multimedia Messaging Service ("MMS"), . . . [which is]  governed by various technical

11

standards.  These standards are practiced by all of the Defendants and thus raise additional common questions of fact."  Motion to Consolidate at 8 (D.E. 28).  However, "[o]nly in the situation where a patent covers every possible implementation of a standard will it be enough to prove infringement by showing standard compliance."  *Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d 1321, 1328 (Fed. Cir. 2010).  Brandywine does not make such an allegation here. Brandywine must compare its patents' claims to each accused instrumentality—an endeavor that hinges on facts unique to individual defendants—in contradistinction to the AIA's requirement for questions of fact common to all defendants.  *See DMI, Inc. v. Deere & Co.*, 755 F.2d 1570, 1573 (Fed. Cir. 1985); *Combined Sys., Inc. v. Defense Tech. Corp.*, 230 F. Supp. 2d 544, 547 (S.D.N.Y. 2002).  As this final argument is likewise insufficient, along with the first prong, Brandywine also fails to satisfy the second prong of the AIA's consolidation requirement.  Accordingly, the AIA prohibits consolidation and the Court should deny Brandywine's Motion to Consolidate.

> **C.    Even Absent the AIA's Prohibition, the Court Should Decline to Consolidate Brandywine's Suits for Trial.**

Additionally, even if it is assumed for the sake of argument that the AIA does not apply, the Court should still deny Brandywine's Motion to Consolidate.  As previously noted, in applying Rule 42(a) a court "should be most cautious **. . .** to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case."  *Dupont*, 366 F.2d at 196.  Such prejudice, however, is exactly what would occur were Brandywine's Motion to Consolidate granted.

According to the Federal Circuit, where joinder is improper, defendants "will not have a meaningful opportunity to present individualized defenses on issues such as

12

infringement, willfulness, and damages because each defendant will have limited opportunities to present its own defense to the jury." *In re EMC Corp.*, 677 F.3d at 1355. Moreover, it was to end this "abusive practice of treating as codefendants parties who make completely different products and have no relation to each other" that Congress passed the AIA's joinder/consolidation requirement.  157 Cong. Rec. H. 4420 at 4426 (statement of Rep. Goodlatte).

Here, even under the less stringent standard of Rule 20, the Court has already held that the defendants were misjoined in Brandywine's original action.  *Brandywine Commc'ns Techs., LLC. v. Apple Inc.,* 2012 WL 527057, at *2, *report and recommendation adopted by* 2012 WL 527180.  Brandywine has not cured any of the deficiencies that led the Court to sever the cases in the first place and merely repeats failed arguments.

Moreover, the recent Federal Circuit decision in *In re EMC*, which clarified the pre-AIA joinder standard for patent cases, further demonstrates that the defendants were misjoined in Brandywine's original action and would likewise be misjoined still.  *In re EMC*, 677 F.3d at 1356.  According to the Federal Circuit, "[j]oinder of independent defendants is only appropriate where the accused products or processes are the same in respects relevant to the patent."  *In re EMC Corp.*, 677 F.3d at 1359.  Here, just as Brandywine fails to identify any product or process common to all defendants, it likewise fails to identify how the all of the disparate instrumentalities at issue are the same in respects relevant to the patent.  *See supra* pp. 7-9.

Furthermore, even if Brandywine was able to do so, "sameness of the accused products or processes is not sufficient."  *Id*.  Rather:

13

> Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts. To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. . . . *Unless there is an actual link between the facts underlying each claim of infringement*, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.

*Id.* (emphasis added). Here, Brandywine neither alleges that all defendants cooperated together nor demonstrates that its allegations show a base of shared facts, overlapping each other, and common to each claim of infringement. *Supra* pp. 5-8, 9-10. Instead, Brandywine's allegations at best indicate that any particular defendant allegedly cooperated with some subgroup of the remaining defendants and that those different subgroupings allegedly share an aggregate of operative facts. That, however, is insufficient for joinder.

Despite these failures, Brandywine nonetheless asks the Court to essentially overrule its previous decision regarding severance and throw the defendants back "into a mass pit with others to suit plaintiff's convenience." *WiAV Networks, LLC v. 3Com Corp.,* No. C 10–03448 WHA, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010), *quoted in In re EMC*, 677 F.3d at 1355. Doing so, however, would work an injustice as "the accused defendants—who will surely have competing interests and strategies—are also entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction." *Id.* Thus, even absent the AIA's prohibition here, the Court should exercise its discretion under Rule 42(a) and decline to further the "abusive practice" of making unrelated parties codefendants by denying Brandywine's Motion to Consolidate.

14

**D.   Coordinated Case Management Renders Consolidation for Pretrial Purposes Unnecessary.**

Finally, consolidation for pretrial purposes is unnecessary and should also be denied.

First, as Magistrate Judge Baker astutely noted in his Report and Recommendation:

> [Brandywine's] concern regarding a unified approach to issues of claim construction and validity of the same Patent . . . can be addressed by coordinated case management of the cases with respect to the resolution of truly identical issues, while allowing each Defendant to pursue their defense as they see fit.  The details of such limited consolidation can be examined best through a detailed case management conference with all parties and the Court.

*Brandywine Commc'ns Techs., LLC. v. Apple Inc.,* 2012 WL 527057, at *3.  Pursuant to the above, the various cases are already coordinated with respect to discovery and claim construction.  As consolidation under Rule 42(a) does not merge the separate actions into a single action, it provides no benefit over coordination.

Indeed, Brandywine's Motion to Consolidate is largely, if not entirely, directed at Brandywine's desire to consolidate the cases for trial.  Brandywine does argue that "[a]bsent consolidation, there would thus be duplicative discovery and multiple findings of fact on a very large number of questions."  Motion to Consolidate at 8 (D.E. 28).  Brandywine, however, does not provide any explanation to support that assertion—which, given the current coordination of discovery amongst the cases, seems specious.  Since "[t]he burden is on the party seeking aggregation of discovery or other proceedings to show common factual or legal issues warranting it," it is Brandywine's task to explicate its position, not defendants or the Court's job to guess.  *In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 374 (2d Cir. 1993).  Accordingly, Brandywine's request to consolidate for pretrial purposes should also be denied.

15

## IV.      CONCLUSION

For the foregoing reasons, ATTM respectfully requests that Brandywine's Motion to

Consolidate be denied.


Dated this 13th day of August, 2012.

<div style="margin-left:40%;">

Respectfully submitted,

*/s/ David S. Wood*_____
David S. Wood, Fla. Bar No. 289515
Megan Costa DeVault, Fla. Bar No. 0560731
Carrie Ann Wozniak, Fla. Bar No. 12666
AKERMAN SENTERFITT
420 S. Orange Avenue, Suite 1200
Post Office Box 231
Orlando, Florida 32802-0231
Tele: (407) 423-4000
Fax: (407) 843-6610
Email: david.wood@akerman.com
          megan.devault@akerman.com


William Boice, admitted *pro hac vice*
Russell A. Korn, admitted *pro hac vice*
KILPATRICK TOWNSEND & STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone: (404) 745-2552
Facsimile: (404) 393-6548
Email: bboice@kilpatricktownsend.com
          rkorn@kilpatricktownsend.com


Daniel S. Young, admitted *pro hac vice*
KILPATRICK TOWNSEND & STOCKTON, LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: dyoung@kilpatricktownsend.com

*Attorneys for Defendant AT&T Mobility LLC*

</div>

16

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 13th day of August, 2012, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

                        */s/ David S. Wood*
                        David S. Wood, Esq.

3748663v.4